LDA

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Terri Lynn Dunbar,
Plaintiff,

vs.

J.C. Christensen and Associates, Inc.,
Defendant.

06 330S

Jury Trial Requested

---

**Complaint**

**Introduction**

1. The Plaintiff, an individual consumer, has brought this action alleging the Defendant engaged in harassing and abusive conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, and costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees, punitive damages and injunctive relief under the DTPA.

**Jurisdiction and Venue**

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place in this District.

## Parties

5. Plaintiff Terri Lynn Dunbar is a natural person residing in the City of Providence, County of Providence, State of Rhode Island.

6. The Defendant J.C. Christensen and Associates, Inc. (Christensen), is a corporation organized and existing under the laws of the State of Minnesota.

## Facts Common To All Counts

7. At all times relevant to this Complaint, Christensen was engaged in the business of regularly collecting debts, originally owned to third parties, using the mails and telephone in this state.

8. Christensen is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. In August 2005 and September 2005, Christensen placed numerous telephone calls to the Plaintiff while acting as a debt collector attempting to collect an alleged debt from the Plaintiff. Hereinafter those calls shall be referred to as the "telephone calls."

10. The Plaintiff incurred the alleged debt that gave rise to the telephone calls by purchasing goods primarily for her personal, family or household purposes.

11. During a telephone call Christensen initiated between the Plaintiff and Christensen in August 2005, the Plaintiff gave a Christensen agent, who identified herself as Mia, her correct address, advised Christensen that she was refusing to pay the alleged debt, and told Christensen not to call her again. Hereinafter that telephone conversation shall be referred to as the "August Call."

## Count 1 – Federal FDCPA – Harassment

12. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

13. After the August Call, Christensen called the Plaintiff and engaged her in conversation with the intent to annoy, abuse, or harass her.

14. After the August Call, Christensen called the Plaintiff regarding the alleged debt on September 8, 2005, September 10, 2005, September 12, 2005, and September 13, 2006.

**Count 3 – Federal FDCPA – Abusive Language**

22. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

23. On September 8, 2005, a Christensen agent who identified herself as Faith initiated a phone call to the Plaintiff and, in her conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

24. On September 12, 2005, a Christensen agent who identified himself as Jay initiated a phone call to the Plaintiff and, in his conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

25. The Defendants' conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(d)(1).

26. As a result Christensen's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 4 – State DTPA – Unfair Collection Efforts**

27. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

28. After the August Call, Christensen called the Plaintiff regarding the alleged debt on September 8, 2005, September 10, 2005, September 12, 2005, and September 13, 2006.

29. After the August Call, Christensen called the Plaintiff and engaged her in conversation with the intent to annoy, abuse, or harass her.

30. On September 8, 2005, a Christensen agent who identified herself as Faith initiated a phone call to the Plaintiff and, in her conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

31. On September 12, 2005, a Christensen agent who identified himself as Jay initiated a phone call to the Plaintiff and, in his conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

32. Christensen's agents placed the calls after the August Call while acting within the scope of their employment by Christensen.

33. Christensen's agents were acting in furtherance of the business interests of Christensen when they called the Plaintiff.

34. Christensen was, or should have been, aware of its agents conduct while calling the Plaintiff.

35. Christensen did not discipline any of its agents as a result of their calls to, and conversations with, the Plaintiff.

36. It was Christensen's regular practice to allow its agents to conduct themselves in the way they did towards the Plaintiff.

37. It was Christensen's practice to encourage its agents to conduct themselves in the way they did towards the Plaintiff.

38. Christensen did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way they did towards the Plaintiff.

39. Christensen's conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(5)(xiii).

40. Christensen's conduct as described in this Count is prohibited by the DTPA at RIGL 6-13.1-2.

41. Christensen's conduct as described in this Count was deliberate and outrageous.

42. As a result of Christensen's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against the Defendant for her actual damages and pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendant from engaging in the wrongful conduct in the future; 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.